JUAN PACHECO, *pro se*, and on behalf of his minor daughter MERCEDES PACHECO, Plaintiff and Appellant, *v.* JUAN POMALES and GUILLERMO GARÁU, Defendants and Appellees.

No. 7596.  Argued April 14, 1939.—Decided July 19, 1939.

*Edgar S. Belaval* for appellant. *Luis F. Camacho* and *Adolfo Porrata Doria*, for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

This is an appeal from the judgment of the District Court of San Juan, dismissing a case for damages brought by Juan Pacheco on his own behalf and as father of the minor child, Mercedes Pacheco, against Juan Pomales and Guillermo Garáu.

It was shown that on March 7, 1937, at 11.45 a. m., an automobile owned by Guillermo Garáu and driven by Julio Pomales struck Mercedes Pacheco, causing her certain injuries. The accident happened when the car struck the curb and went up on the sidewalk of a road in the campus of the University of Puerto Rico. Pomales was accompanied by Guillermo Garáu, Jr. Both were 19 years old at the time of the accident. It is unnecessary to enter into all the facts of the accident because the ultimate decision of the case does not depend upon whether or not the driver was guilty of negligence. It may be assumed that he was.

The action was brought against the parents of the boys and the complaint alleged that, under Subdivision 1 of Section 1803 of the Civil Code (1930 ed.) the parents were responsible because of the negligence of the boys.

The defendants' answer is that Julio Pomales had been living away from his father for many years, was not under his authority, or in any way dependent upon his family; that his father was not liable for damages caused by him; that Guillermo Garáu, Jr., was just a passenger in the car at the time of the accident, without his father's permission or knowledge, and that he had no control over the driver of the automobiles and was in no way responsible for the accident.

Only one witness, Andrés Porrata, testified that Pomales lived with his father. His testimony was not very satisfactory. He said that Pomales went to school in Guayama and that his family lived out in the country, some 12 kilometers away; that Pomales went to his father's house for the week-ends. Later, when asked whether Pomales lived in town, he answered: "He comes and goes."

To attack his testimony the defendants brought five witnesses, and among them was the Mayor of Guayama, all of whom testified that Pomales had been away from his family from the time he was a child, and that he was not dependent upon or under the authority of his father. The lower court said in its opinion: "No matter how much weight we would have liked to give to the testimony of Andrés Porrata, it did not convince us that Julio Pomales lives with his father, Juan Pomales, or did at the time of the accident."

As to the other boy, Guillermo Garáu, Jr., while it was established that he lived with his father at the time of the accident, yet he was merely a passenger in the automobile. The evidence shows that Garáu, Sr., lent the car to a Gregorio Vázquez to come from Guayama to San Juan; that on the way, Vázquez picked up Pomales and Garáu, Jr., without the permission or knowledge of Garáu, Sr.; that Garáu, Jr., got out of the automobile at Río Piedras, and Vázquez and Pomales went on to San Juan, where Vázquez parked it and left it under Pomales' charge. Pomales took it away for a drive, apparently without Vázquez' knowledge, and went to Río Piedras, where he asked Garáu, Jr., to ride with him. When they were on their way back to San Juan the accident happened. There was nothing to show that Garáu, Jr., had anything to do with the operating and control of the automobile at any time. According to the testimony, Vázquez felt responsible for the damage done to Garau's car and paid for the repairs. This evidence was not contradicted and it tends to show that Garáu, Jr., was not in the control of his father's car, but rather that Vázquez was.

The appellant in his brief raises the point that the trip was a ''joint venture'' and that both are liable for the damages caused by one of them. There is no evidence to support this contention.

The lower court says in its opinion:

''As to the presence of Garáu, Jr., in the automobile driven .by Pomales, it is not clearly established by the evidence that he was anything but a passenger or that he had any direction or authority in the operation of the vehicle.''

The appellant in his brief assigns eight errors, but only the 6th and 7th which discuss the question of the defendant's liability are important. Some of the others relate to a state of affairs which would be important if the court had decided that the driver was not negligent.

The first assignment of error relates to an element of damages and it therefore need not be considered.

Similarly unimportant is the action of the court in ordering a bill of particulars. This covers the second assignment of error.

In the 3d and 4th assignments of error the appellant lays great stress upon the action of the court in setting aside the default of the defendants and in refusing to strike out the answer and demurrer to the third amended complaint. We are not convinced at all that the court did not properly use its discretion in opening the default. This Court has always been very liberal in admitting amendments under Section 140 of the Code of Civil Procedure. The same practice may be supported under the refusal of the court to strike out the demurrer and answer to the third amended complaint. It was necessary for the complainant to file three complaints and that in itself would tend to show that the action of the lower court in allowing the pleading of the defendants to stand was not an abuse of discretion.

As to the sixth error assigned the case of *Rodrí-guez* v. *Santos,* 40 P.R.R. 45, seems to be directly in point. There the court held:

"Where a child deserts the paternal home, thus placing himself beyond the paternal authority and acts on his own account and leads his own life, his father is not liable for any damages caused by the negligent or unlawful acts of his son so living.

"Where the trial court, after weighing the evidence as to whether or not a child was living with his father, reaches a negative conclusión, and no showing is made that it acted with bias, prejudice or partiality or committed manifest error, its finding must be upheld on appeal.

"In an action against a father to recover damages caused by his son, once the question of the father's liability has been decided against plaintiff, if this finding is sufficient for a determination of the case, no other question involved need be passed upon by the trial court."

██ As to the seventh assignment of error the lower court bases its opinion upon *López* v. *American R. R. Co. of P. R.*, 50 P.R.R. 1, where this Court said:

"It is the general rule recognized in this jurisdiction that the negligence of the conductor of a vehicle can not be imputed to a passenger."

Error is also assigned because of the failure of the court to award costs to the plaintiff. As the judgment was against him in the lower court and affirmed here, this assignment needs no consideration.

The judgment appealed from should be affirmed.

Mr. Justice Travieso took no part in the decision of this case.